**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EDWARD JONES,

Petitioner,

v.

JEANNE WOODFORD, Warden,

Respondent.

Civil No. 10cv1015-MMA (CAB)

**SUMMARY DISMISSAL OF SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION**

Petitioner Edward Jones, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his November 8, 2000, San Diego Superior Court conviction in San Diego Superior Court Case No. SCD147533, together with a request to proceed in forma pauperis. The Court does not rule on Petitioner's application to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his November 8, 2000, conviction in San Diego Superior Court Case No. SCD147533.

On June 15, 2006, Petitioner filed in this Court a Third Amended Petition for a Writ of Habeas Corpus in case No. 03cv1463-J (RBB). In that federal habeas petition, Jones challenged the same conviction he challenges here, his November 8, 2000, conviction in San Diego Superior

Court case No. SCD147533. (See Third Amended Petition filed June 15, 2006 at p. 1 [Doc. No. 51] in SO. DIST. CA. CIVIL CASE NO. 03cv1463-J (RBB).) On February 25, 2008, this Court denied the petition on the merits of claims one through four, and dismissed claims five through eight because they were procedurally defaulted and barred by the one-year statute of limitations applicable to federal habeas petitions. (See Order filed Feb. 25, 2008 [Doc. No. 77] in SO. DIST. CA. CIVIL CASE NO. 03cv1463-J (RBB).) This Court subsequently denied a Certificate of Appealability. (See Order filed Oct. 31, 2008 [Doc. No. 82] in SO. DIST. CA. CIVIL CASE NO. 03cv1463-J (RBB).) Petitioner's appeal was dismissed by the Ninth Circuit Court of Appeals after that court also denied a Certificate of Appealability. (See Order filed Dec. 8, 2008 [Doc. No. 84] in SO. DIST. CA. CIVIL CASE NO. 03cv1463-J (RBB).)

In the instant habeas petition, Petitioner seeks to present the same claims which were presented as claims seven through nine in his previous petition, which were found to be procedurally defaulted and untimely. (Compare Pet. at 7-9 with Order filed Feb. 25, 2008 at p. 13 [Doc. No. 77] in SO. DIST. CA. CIVIL CASE NO. 03cv1463-J (RBB).) In addition, Petitioner also presents a new claim alleging that he was denied effective assistance of appellate counsel due to his appellate counsel's failure to present the procedurally defaulted claims on direct appeal, which he contends caused them to be procedurally defaulted. (Pet. at 6.)

**INSTANT PETITION BARRED BY GATEKEEPER PROVISION**

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition. In fact, Petitioner acknowledges that he has not received such permission from the Ninth Circuit. (Pet. at 5.)

Petitioner contends that he is not constrained by § 2244(b)(3)(A), and that he is now permitted to raise the claims which were found to be procedurally defaulted in the prior action, based on the recent ruling in Townsend v. Knowles, 562 F.3d 1200 (9th Cir. 2009), which he

contends demonstrates that the prior dismissal of his claims was a mistake. (Pet. at 5.) The Court in Townsend held, among other things, that a federal habeas claim was not procedurally defaulted in federal court based on a violation of the state timeliness rule because the respondent to that habeas action had failed to carry the burden of demonstrating that California courts operated under clear standards for determining what constituted "substantial delay" under the state's untimeliness rule. Townsend, 562 F.3d at 1209. Unlike Townsend, Petitioner's claims were dismissed in the prior action here because they were procedurally defaulted based both on application of California's untimeliness bar as well as the bar against failing to present the claims on direct appeal. (See Order filed Feb. 25, 2008 at p. 50-53 [Doc. No. 77] in SO. DIST. CA. CIVIL CASE NO. 03cv1463-J (RBB).) They were also dismissed because they were filed in this court after expiration of the one-year statute of limitations applicable to federal habeas petitions. (See id. at 54-60.) The claims are therefore second or successive. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence successive). In any case, even assuming intervening case law supports a finding that Petitioner is entitled to file a successive petition, such a determination lies in the first instance with the Ninth Circuit Court of Appeals. 28 U.S.C. § 2254(b)(3); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). As to the ineffective assistance of appellate counsel claim presented here that was not presented in the prior action, it is also successive because Petitioner could have raised the claim in his prior federal petition. See Hill v. Alaska, 297 F.3d 895, 897-98 (9th Cir. 2002) (recognizing that § 2244(b) codified the "abuse of the writ" doctrine which "occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect."), citing McCleskey v. Zant, 499 U.S. 467, 493 (1991).

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner's filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. The

Clerk of Court shall send Petitioner a blank Ninth Circuit Application for Leave to File Second or Successive Petition along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: May 18, 2010

Hon. Michael M. Anello
United States District Judge

CC: ALL PARTIES