UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES,<br><br>                             Petitioner,<br><br>     v.<br><br>JEANNE WOODFORD, Warden,<br><br>                             Respondent. | Civil No.   10cv1015-MMA (CAB)<br><br>**ORDER DENYING PETITIONER'S MOTION TO SET ASIDE SUMMARY DISMISSAL**<br><br>**[Doc. No. 5]** |

     On May 11, 2010, Petitioner, Edward Jones, a state prisoner proceeding *pro se*, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his November 8, 2000, San Diego Superior Court conviction in San Diego Superior Court Case No. SCD147533. (Doc. No. 1.) On May 18, 2010, the Court issued an Order summarily dismissing the Petition on grounds that it was a successive petition filed without permission of the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). Now pending before the Court is Petitioner's motion to set aside the Court's May 18, 2010 Order pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 5.) Having considered the request, the Court **DENIES** the motion.

     Under Rule 60(b), reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED. R. CIV. P. 60(b). Petitioner's motion fails to demonstrate that the petition is not successive, or that he has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. Thus, the

1  Court cannot consider his Petition. See 28 U.S.C. § 2244(b)(3)(A). Moreover, Petitioner's motion
2  appears to merely raise the same arguments presented earlier to the Court, which provides an insufficient
3  basis for a motion for reconsideration. *See United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal.
4  1997) ("Motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments
5  previously presented."); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989); *Fuller v. M.G. Jewelry*,
6  950 F.2d 1437, 1442 (9th Cir. 1991). Accordingly, the Court **DENIES** Petitioner's motion. The Petition
7  remains dismissed.

8  **IT IS SO ORDERED**.

9  DATED: June 2, 2010

    Hon. Michael M. Anello
    United States District Judge